IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPERA SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-287-LPS |
| | ) | |
| SCHWAN'S HOME SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

At Wilmington this 18th day of August, 2015:

On August 4, 2015, the Court held a hearing on Defendant's Motion to Dismiss. (D.I. 58) The Court announced its decision from the bench at the conclusion of the hearing. The Court's reasoning was as follows:

> The motion to dismiss is granted to the extent that count 2, the breach of contract claim, is dismissed with prejudice and denied in all other respects. That is, denied with respect to counts 3 through 6.
>
> So the case will go forward on the implied covenant of good faith and fair dealing as well as the alternative unjust enrichment, promissory estoppel and quantum meruit claims. And I'll explain why in a moment.
>
> But a further part of my ruling is that plaintiff is, and will be, directed to file an amended complaint within [thirty (30)] days of today to clarify that the allegations in Claim[s] 3 through 6 are based on a procedural [theory], that is, based on a failure by defendant to negotiate in good faith, for instance, by not responding to phone calls or not responding to letters or e-mails or failing to appear at places where the parties could negotiate, and to make clear that the plaintiff is not alleging what for shorthand purposes we have referred to as the substantive claim, that is,

1

plaintiff is not alleging [breach based on] positions that defendant advocated in negotiations. For example, that plaintiff should obtain a smaller bonus or a less favorable bonus schedule than maybe plaintiff wanted. [The] case is not going forward on that theory. That is not what plaintiff intended to plead or believes it has pled and, most importantly, it is not a theory that I think is a viable one on which the case could go forward.

The amendment needs to make clear as well, to the extent there is any doubt, that there is no allegation of fraud here. We had some discussion today about a possible hypothetical fraudulent theory. For example, that maybe defendant did in fact show up at negotiations and to all appearances was negotiating in good faith when in reality all along it secretly harbored a plan to make sure there never would be an agreement reached with respect to a bonus.

We have talked about that theory, but plaintiff acknowledges that is not the theory it has pled or intends to plead. I want to make sure that after the amended complaint is filed there is no doubt that that is not part of the case.

So we will need the amendment to clarify all of that. And the reasons I'm requiring that amendment are, first and foremost, to give defendant adequate notice of the claims on which the case is going forward and on which defendant must prepare a defense.

There has been to this point I think a lack of clarity as to plaintiff's theory. There has been some inconsistency I think between the complaint, the briefing, and the argument today. The defendant is entitled to know the theories that the case is going forward on.

As a further example, defendant is entitled to know what we learned today, that the allegations in paragraphs 37 to 41 are not allegations of bad faith negotiations on which plaintiff['s] claims are made but are instead allegations that plaintiff satisfied the conditions precedent to filing suit as required by Section 10.1 of the parties['] agreement. Defendant is entitled to know that.

Defendant and the Court reasonably did not understand, prior to today's hearing, that those were not allegations of negotiations. They were allegations again of compliance with

10.1.

The amendment that I'm ordering is consistent with what plaintiff has told me is the theory it believes it has stated in its complaint. That is, that in a period prior to January 31st, 2011, the defendant did not negotiate in good faith by failing and/or refusing to discuss terms for the bonus schedule, which is a bit of a synopsis of the allegation of paragraph 33.

Most importantly, the amendment that I'm ordering as well as the dismissal of the breach of contract claim are required due to what I have concluded is the proper application of the law to the complaint. The amendments are needed again so that the case proceeds only on the legal claims that survive dismissal.

Let me now turn to those claims and discuss them briefly.

Count 2 of the breach of contract claim must be, and will be, dismissed because it is based on an unenforceable agreement to agree.

The essence of count 2 is stated in paragraph 51 which alleges that, "Schwan breached the Licens[ing] Agreement and the Amendment by failing and/or refusing to adopt 'a mutually agreed upon written success measures and bonus payment schedule prior to January 31, 2011.'"

The Court agrees with defendant that there is no objective consideration or objective criteria in the contract by which a fact-finder could conclude who is responsible for this failure to reach an agreement on a new bonus schedule.

There is, as a result, no way a fact-finder could do anything other than conclude there is shared responsibility for that failure.

The allegations do not plausibly suggest any basis on which to blame Schwan for the failure to reach an agreement.

No basis has been given for why any amendment of this claim would not be futile. So no leave to amend will be granted with respect to count 2.

In essence, the alleged conduct is equally consistent with

3

[a] claim on which the plaintiff might prevail and on which it cannot prevail, meaning again there is no criteria by which we can tell who is responsible for the failure to agree. That is not in the contract. That leads to a claim that is not plausible, not one on which relief can be granted, and for all those reasons count 2 is dismissed.

Count 3, the implied covenant of good faith and fair dealing will not be dismissed. The essence of this claim is set out in paragraph 55 which alleges that "Schwan arbitrarily, unreasonably, and in bad faith failed and/or refused to work with Opera to develop and agree upon a Bonus Schedule and more than two years have passed without a revised Bonus Schedule in place."

This allegation is supported by the allegation in paragraph 33 which I reiterate alleges in part that "Schwan has failed and/or refused to discuss terms for the Bonus Schedule."

While it is not entirely clear in the complaint but will be made clear in the amended complaint, taking all well pleaded factual allegations in the complaint as true, a reasonable inference from the pleadings is that Schwan failed and/or refused to negotiate in the relevant time frame, that is, prior to January 30th, 2011.

There was an implied obligation on Schwan during that time as a result of its agreement to paragraph 5 of the amendment that Schwan would show up and negotiate and engage in good faith negotiations with an aim toward agreeing on a new bonus schedule.

If evidence were to be developed that Schwan refused even to discuss a new bonus payment schedule, for example, or simply failed to negotiate, refuse to negotiate, that would be evidence supporting a violation of the covenant of good faith and fair dealing, and in that way there are objective standards by which that claim can be assessed.

So that claim is plausible and the case will go forward on it, provided that plaintiff files an amended complaint consistent with what I have ordered here.

Counts 4, 5, and 6, which are pled in the alternative to counts 2 and 3, will not be dismissed. Again, however, they go

4

forward on what I have described as process claims and not [as] claims that the substantive positions Schwan advocated in negotiations were so unfair as to constitute bad faith.

    Again, that must be clear. It must be made clear in the amended complaint. With that limitation, they state claims upon which relief may be granted in the alternative.

(Transcript of Aug. 4, 2015 hearing)

                                           /s/ Leonard P. Stark
                                           HON. LEONARD P. STARK
                                           UNITED STATES DISTRICT JUDGE